IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FREDERICK LENORIS SHAW, ) | |
| AIS #184740, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:07-CV-621-MHT |
| ) | [WO] |
| ) | |
| THE CITY OF DOTHAN, ) | |
| ALABAMA, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Frederick Lenoris Shaw ["Shaw"], a state inmate, on May 4, 2007.[1] In this complaint, Shaw challenges the constitutionality of his January 15, 2000 arrest on two counts of first degree sexual abuse and the resulting convictions for these offenses imposed upon him by the Circuit Court of Houston County, Alabama. Shaw names the City of Dothan, Alabama, Charlotte Jenkins, an officer with the Dothan Police Department, and Rhonda M. May, the state court employee who issued the complaint, as defendants in this cause of action. He seeks declaratory relief

---

[1] Although Shaw initially filed this complaint with the Circuit Court of Houston County, Alabama, the action was removed from the state court and filed in this court on July 5, 2007. A review of the pleadings indicates that Shaw executed the complaint on May 4, 2007. *Plaintiff's Complaint - Court Doc. No. 1* at 5. The law is well settled that a pro se inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Shaw] signed it ...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers May 4, 2007 as the date of filing.

and monetary damages.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[2]

## I. DISCUSSION

### A. Claims Barred by the Statute of Limitations

Shaw asserts that on January 15, 2000 Charlotte Jenkins arrested him without probable based on a complaint signed by Rhonda M. May. *Plaintiff's Complaint - Court Doc. No. 1* at 2. Specifically, Shaw asserts there "was never a probable cause to be arrested by police, where at the time the officers arrived at the home of [the victims there] was no mention of any sexual abuse ...." *Id.*

On July 5, 2007, simultaneously with the removal of the complaint to this court, the City of Dothan, Alabama and Charlotte Jenkins filed a motion to dismiss in which they argue that this case is due to be dismissed because Shaw failed to file the action within the applicable period of limitation. Upon review of the complaint, it is clear that the claims Shaw lodges against the defendants are barred by the statute of limitations applicable to actions filed by an inmate under 42 U.S.C. § 1983.

> Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled.

---

[2] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

> *Whitson v. Baker*, 755 F.2d 1406, 1409 (11th Cir. 1985). Selection of a limitations period for § 1983 actions changed several times [between 1985 and 1989]. Alabama law, however, provides that the applicable limitations period is the one in effect when the claim is filed, not when the cause of action arose. *Tyson v. Johns Manville Sales Corp.*, 399 So.2d 263, 269-70 (Ala. 1981). It is undisputed that § 1983 claims were subject to a two year limitations period at that time. *See Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483-84 (11th Cir. 1989) (*Jones II*).

*Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994). At the time Shaw filed the instant complaint, the applicable statute of limitations for actions brought under 42 U.S.C. § 1983 was two years. *Owens v. Okure*, 488 U.S. 235, 249-250 (1989)(the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992). In Alabama, the general statute of limitations for personal injury actions is two years. *Ala. Code* § 6-2-38(l).

The alleged unconstitutional actions occurred, at the latest, on January 15, 2000. This is the date on which Shaw's illegal arrest claim accrued and the limitations period therefore began to run on January 16, 2000.[3] On May 17, 1996, the Alabama legislature rescinded that portion of the tolling provision which previously applied to convicted prisoners. *Ala. Code* § 6-2-8(a) (1975, as amended). The tolling provision of *Ala. Code* § 6-2-8(a) is therefore unavailing. Consequently, the statute of limitations applicable to Shaw's claims challenging the constitutionality of his arrest expired on January 16, 2002. As previously noted, Shaw

---

[3] "[T]he day of the act [or] event ... from which the designated period of time begins to run shall not be included" in computing the running of the limitation period. Rule 6(a), *Federal Rules of Civil Procedure*.

filed the instant complaint on May 4, 2007. This filing occurred over five (5) *after* the applicable period of limitation lapsed.

Two of the defendants raise the statute of limitations as an affirmative defense. "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin* [*v. State of Oregon*], 563 F.Supp. [1310] at 1330, 1332." *Id*. at n.2. Based on the facts apparent from the face of the present complaint, Shaw has no legal basis on which to proceed as he filed this cause of action more than two (2) years after the violations which form the basis of the complaint accrued. As previously determined, the statutory tolling provision provides no basis for relief. In light of the foregoing, the court concludes that Shaw's claims challenging the constitutionality of his arrest are barred by the applicable statute of limitations and these claims are therefore subject to dismissal as frivolous under the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319 (1989).[4]

### B. The Challenge to Shaw's Convictions

Shaw presents a claim which attacks the validity of the sexual abuse convictions imposed upon him by the Circuit Court of Houston County, Alabama. Specifically, Shaw

---

[4] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

argues "that the elements of sexual abuse in the first degree has never been proven as of the truth in the matter" thereby resulting in his "illegal conviction ...." *Plaintiff's Complaint - Court Doc. No. 1* at 4-5. The aforementioned claim goes to the fundamental legality of Shaw's current incarceration. Consequently, this claim provides no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. The Court emphasized that "habeas corpus is the exclusive remedy for a ... prisoner who challenges" a conviction or sentence, "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. 512 U.S. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action. In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, ... that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983

..." unless the prisoner can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated the position previously taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a conviction or sentence is a petition for writ of habeas corpus. *Balisok*, 520 U.S. at 645. Additionally, the Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

Based on the foregoing, the court concludes that to the extent Shaw raises a claim which challenges the constitutionality of his convictions for sexual abuse entered against him by the Circuit Court of Houston County, Alabama, he is entitled to no relief in this cause of action. A judgment by this court in favor of Shaw on this claim would necessarily imply the invalidity of his convictions. The convictions about which Shaw complains have not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack on the plaintiff's sexual abuse convictions is prohibited and subject to summary dismissal by this court pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). *Balisok*, 520 U.S. at 645; *Heck*, 512 U.S. at 481; *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The motion to dismiss filed by the City of Dothan, Alabama and Charlotte Jenkins be granted.

2.  The plaintiff's claims against the defendants be dismissed with prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) as the plaintiff failed to file the complaint within the time prescribed by the applicable period of limitation.

3.  To the extent Shaw presents claims challenging the constitutionality of convictions imposed upon him by the Circuit Court of Houston County, Alabama for sexual abuse, these claims be dismissed without prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

4.  This case be dismissed prior to service of process.

It is further

ORDERED that **on or before July 30, 2007**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking

on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 16th day of July, 2007.

       /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE