IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **FREDERICK LENORIS SHAW,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| VS. | ) CASE NO.: 1:07-cv-621-MHT-CSC |
| | ) |
| **THE CITY OF DOTHAN, ET AL.,** | ) |
| | ) |
|     **Defendants.** | ) |

**BRIEF IN SUPPORT OF**
**MOTION TO DISMISS DEFENDANT RHONDA MAY**

**INTRODUCTION**

The Plaintiff is a prisoner in the custody of the Alabama Department of Corrections. In 2001, Defendant Rhonda May was a magistrate for the Houston County District Court. Based upon the affidavit of Officer Charlotte Jenkins, Defendant May signed a warrant for the arrest for the Plaintiff. The Plaintiff was arrested on or about January 15, 2001 and charged with two counts of Sexual Abuse I. The Plaintiff was subsequently indicted, tried and convicted of said crimes. The Plaintiff was sentenced to twenty years on both counts.

**I.    The claim(s) against Defendant May are barred by the statute of limitations.**

The Plaintiff alleges in his complaint that on or prior to January 15, 2001, Defendant May caused him to be arrested by signing a complaint against the Plaintiff. The only construction of the Plaintiff's complaint is that the alleged actions involving Defendant May took place before January 15, 2001. The Plaintiff filed his complaint on

May 14, 2007 alleging that his constitutional rights were violated by Defendant May, thus coming under 42 U.S.C. § 1983.  The statute of limitations for a § 1983 action in Alabama generally is two years.  See Eubank v. Leslie, 2006 WL 3627005 (11th Cir. (Ala.)).  More than two years has elapsed since the alleged arrest took place.  Therefore the claim is barred by the statute of limitations.

**II.     The Plaintiff has failed to state a claim against Defendant May upon which relief may be granted.**

The Plaintiff has failed to provide any detail as to how or why Defendant May could be liable for the conviction or sentence of the Plaintiff.  The Plaintiff fails to allege that he was found not guilty of said charges or that his conviction was reversed, expunged or otherwise found invalid.  See Heck v. Humphry, 512 U.S. 477, 486, 114 S.Ct. 2364, 2372 (1994).

**III.    Defendant May is immune from suit.**

Another ground supporting a judgment in favor of the Defendant is immunity. To the extent Defendant May is sued in her official capacity, she is immune from liability. The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state."  The Amendment therefore not only bars suits against a state by citizens of another state, but it also bars suits against a state by that state's own citizenry.  See Edelman v. Jordan, 415 U.S. 605, 633, 94 S.Ct. 1323, 1347 (1974); Hans v Louisiana, 134 U.S. 1, 13-15, 10 S. Ct. 504, 33 L.Ed. 842 (1890).

The Eleventh Amendment also prohibits a suit against state officials and employees where the State is the real, substantial party in interest. *See* Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 101-02, 104 S. Ct. 900, 908-09, 79 L.Ed.2d 67 (1984). "For example, if a lawsuit seeks to order the state officer to pay funds directly from the state treasury for the wrongful acts of the state, then the state is the real party in interest and the Eleventh Amendment bars the suit." Summit Medical Associates, P.C. v. Pryor, 180 F.3d 1326, 1336 (11th Cir. 1999). This suit is requesting compensatory damages from a former magistrate for the Houston County District Court, and is in reality a suit against the State. Thus, Defendant May is absolutely immune from damages liability.

In addition, the Defendant is protected by qualified immunity. As stated by the Eleventh Circuit, "[q]ualified immunity protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or Constitutional rights of which a reasonable person would have known.'" Wilson v. Blankenship, 163 F.3d 1284, 1288 (11th Cir. 1998)(*quoting* Lassiter v. Alabama A & M Univ. Bd. of Trustees, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc)). Defendant May was acting within her duties as a magistrate for the Houston County District Clerk when she signed a warrant against the Plaintiff. Because the alleged acts by the Defendant consist of discretionary functions, and because the actions do not violate any clearly established Constitutional or statutory rights, the Defendant is protected by qualified immunity.

Respectfully submitted on this 18th day of July, 2007.

    /s/ CHEAIRS M. PORTER
CHEAIRS M. PORTER (POR015)
Assistant Attorney General
Counsel for Defendant Rhonda May

OF COUNSEL:

OFFICE OF THE ATTORNEY GENERAL
11 South Union Street
Montgomery, AL 36130
(334) 353-8811
(334) 242-2433 (fax)

**CERTIFICATE OF SERVICE**

    I do hereby certify that I have, this 18th day of July, 2007, electronically filed the foregoing pleading with the Clerk of the Court, CM/ECF filing system, and that I have further served a copy of the foregoing upon the following persons, by placing same in the United States Mail, postage prepaid and properly addressed as follows:

Frederick Shaw, #184740
Elmore Correctional Facility
PO Box 56
Elmore, AL 36025

    /s/ CHEAIRS M. PORTER
OF COUNSEL