IN THE UNITED STATES DISTRICT COURT OF ALABAMA

FOR THE MIDDLE DISTRICT OF ALABAMA

SOUTHERN DIVISON

FREDERICK LENORIS SHAW.  ()

PLAINTIFF.  ()  WHICH WAS REMOVED FROM THE CIRCUIT
COURT OF HOUSTON COUNTY, ALABAMA.

VS.  ()  CV-07-295H

THE CITY OF DOTHAN, ALABAMA,  ()  07-CV-621-MHT

OFFICER CHARLOTTE JENKINS, et, al,.  ()

DEFENDANTS.  ()
()

### PLAINTIFF RESPONSE TO THE DEFENDANTS MOTION TO DISMISS

COMES NOW THE PLAINTIFF IN THE ABOVE STYLED CAUSE OF ACTION ,NOW FILES THIS RESPONSE TO THE DEFENDANTS MOTION TO DISMISS.

PLAINTIFF STATES THE FOLLOWING:

1. THE PLAINTIFF WAS WRONGFULLY ARRESTED AND CHARGED BY THE OFFICIALS WITH THE DOTHAN POLICE DEPARTMENT, WHICH CLEARLY VIOLATED THE FOUTH AMENDMENT RIGHT AGAINST UNLAWFUL SEIZURE WHILE THE NAME DEFENDANT WAS ALSO ACTING UNDER OFFICIAL DUTY, AND UNDER THE COLOR OF LAW ON JAN 15, 2000.

2. PLAINTIFF STATES AT NO TIME WAS THEIR ANY PROBABLE CAUSE TO ARREST THE PLAINTIFF, WHERE THE PLAINTIFF STATED NOTHING EVER HAPPEN AS OF THE ALLEGED STATEMENTS, WHERE THE PLAINTIFF WAS RELEASED FROM JAIL THE SAME DAY.

3. PLAINTIFF STATES THIS IS THE ONLY WAY TO PROVE THE WRONGFUL ARREST AND THE FALSE CHARGE(S) THAT WAS PLACED AGAINST THE PLAINTIFF BY THE OFFICER AND ALSO BY THE ALLEGED VICTIMS MOTHER WAS BY THREW THE COURT OF THIS CONSTITUTIONAL VIOLATION.

4. PLAINTIFF STATES, IT IS TRUE A COMPLAINT SHOILD BE DISMISS, BUT ONLY WHEN THE PLAINTIFF CANNOT PROVE ANY FACTS IN THE CASE.

5. PLAINTIFF STATES AS OF A SUPREME COURT RULING, THAT A COMPLAINT SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A CLAIM UNLESS IT APPEARS BEYOND DOUBT THAT THE PLAINTIFF CAN PROVE NO SET OF FACTS IN SUPPORT OF HIS CLAIM WHICH WOULD ENTITLE HIM TO RELIEF. SEE: **CRUZ V. BETO**, 405 U.S. 319 322 (1972).

6. PLAINTIFF ALSO STATES THAT A COURT SHOULD NOT DISMISS A COMPLAIN SIGHTING A SUPREME COURT CASE. **CONLEY V. GIBSON**, 355 U.S. 41.45-46 (1957). WHERE THE COURT SHOULD CONSIDER A PRO-SE COMPLAINT SHOULD BE HELD TO LESS STRICT STANDARDS THAN A MOTION DRAFTED BY A LAWYER.

7. PLAINTIFF STATES AS THIS CASE CONTINUES THREW THE DISCOVERY AND ALSO THE EVIDENCE THAT WILL BE PRESENTED WILL SHOW UNTO THIS HONORABLE COURT THAT THE DEFENDANT WHILE ACTING UNDER COLOR OF STATE LAW DID VIOLATE THE RIGHTS OF THE PLAINTIFF AS TO ILLEGALLY ARREST AND VIOLATE THE DUE-PROCESS RIGHTS OF THE PLAINTIFF KNOWLEY WHILE ACTING UNDER COLOR OF STATE LAW.

8. PLAINTIFF STATES THERE GENUINE ISSUES OF FACTS THAT WILL ENTITLE THE PLAINTIFF TO THE RELIEF SOUGHT IN THIS CIVIL CLAIM AGAINST THE DEFENDANTS.

9. PLAINTIFF STATES THE NEWLEY DISCOVERED EVIDENCE WILL SHOW THAT THE DEFENDANTS CLEARLY VIOLATED POLICYS RULES AND REGULATIONS TO CAUSE THIS ILLEGAL ARREST AND ALSO THIS WRONGFULL CONVICTION AGAINST THE PLAINTIFF.

## CERTIFICATE OF SERVICE

I HAVE SERVED A COPY OF THE FOREGOING ONTO THE COURTS BY PLACING THE SAME INTO THE U.S. MAIL POSTAGE PRE-PAID ON THIS THE ___18th___ DAY OF ___July___ 2007.

PLAINTIFF _____ .

P.O. BOX 56 ELMORE, ALABAMA 36025.
DORM-C2

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA

FREDERICK LENORIS SHAW.

PLAINTIFF.

VS.

THE CITY OF DOTHAN, ALABAMA,

OFFICER CHARLOTTE JENKINS, et, al,.

DEFENDANTS.

CASE WAS REMOVED FROM THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA.

CV-07-295H

CV-621-MHT

## PLAINTIFF NOW SUBMITT THIS AFFIDAVIT AS OF THE TRUTH IN SUPPORT :

COMES NOW THE PLAINTIFF IN THE ABOVE STYLED CAUSE OF ACTION, NOW SUBMITT THIS AFFIDAVIT IN SUPPORT AS OF THE TRUTH HWERE THE NEWLEY DISCOVERED EVIDENCE WILL SHOW THAT THE PLAINTIFF WAS ARRESTED WRONGFULLY AND CONVICTED WRONGFULLY:

THE PLAINTIFF CLEARLY STATES THAT HE WAS ILLEGALLY ARRESTED BY THE DOTHAN POLICE DEPARTMENT OFFICER NAMED IN HIS COMPLAINT WRONGFULLY AND ON THE SAME DAY WAS RELEASED FROM CUSTODY. THE PLAINTIFF WAS ACCUSED OF A CHARGE BY THE MOTHER OF SEXUAL ABUSE WHICH NEVER HAPPEN, WERE THE MOTHER DID NOT EVEN TAKE THE CHILDREN TO THE DOCTOR IN ABOUT THREE-3 WEEKS. WERE THE DOCTOR STATED IN EVERY REPORT THAT THE KIDS WERE FINE AND EVERY THING WAS INTACK AS IT SHOULD BE. THE FRIND OF THE FAMILY STATED ONE THING IN THE BEGINNING, AND THEN UPON COMING TO TRIAL STATED SOMTHING ELSE, WERE HE STATED THAT HE DID NOT TELL THE POLICE ANYTHING AT ALL. THE D.H.R. PERSON STATED THAT SHE NEVER GOT ANY CHANCE TO TALK WITH ANYONE NOT EVEN THE CHILDREN OF THE ALLEGED OFFENCE. THEN THIS RHONDA M. MAY WAS NOT A JUDGE OR A MAGRISTRATE OR A COURT FELONY CLERK TO ISSUE ANY WARRANT AGAINST THE PLAINTIFF TO BE LAWFULLY ARRESTED. AS THIS CASE GO"S ON AND THREW DISCOVERY THE EVIDENCE WILL CLEARY SHOW THAT THE PLAINTIFF IS WRONGFULLY ARRESTED AND WRONGFULLY CONVICTED OF THE OFFENSE. AND THE RELIEF SOUGHT IS DUE TO BE PAID IN FULL TO THE PLAINTIFF FOR THE VIOLATION OF HIS CONSTITUTIONAL RIGHTS SECURED BY THE UNITED STATES OF AMERICA.

## CERTIFICATE OF SERVICE

I HAVE SERVED A COPY OF THE FOREGOING ONTO THE COURTS AND ON THE COUNSEL FOR THE DEFENDANTS BY PLACING THE SAME INTO THE U.S. MAIL POSTAGE PRE-PAID ON THIS THE _____ DAY OF _____ 2007.

THIS AFFIDAVIT IS SWORN TO BY MY HAND AS OF THE TRUTH ON THIS THE _16_ _July_ 2007.   PLAINTIFF _____,

NOTARY _Annie Latimore_

MY COMISSION EXPIRES  _12/06/2008_ .



Mr. Fredrick L. Shaw #184740
P.O. Box 56 Elmore, Ala
36025-02
9577

State of Alabama
Central Mail Ops
#4

Office of The Court Clerk
United States District Court
P.O. Box 711
Montgomery, Ala 36101-0711

Legal Mail